COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Overton
Argued by Teleconference


TIMOTHY JAMES EICHBLATT

                                   MEMORANDUM OPINION[*] BY
v.   Record No. 2230-95-3          CHIEF JUDGE NORMAN K. MOON
                                        MARCH 18, 1997
COUNTY OF ROANOKE


               FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                       Roy B. Willett, Judge

          Jonathan M. Apgar (Damico & Apgar, on brief),
          for appellant.

          Edwin R. Leach, Chief Assistant Commonwealth's
          Attorney, for appellee.


     Timothy James Eichblatt appeals his conviction for driving

on a suspended operator's license.  Eichblatt asserts that the

evidence was insufficient to prove that he knowingly violated the

provisions of his restricted operator's license.  Holding that

the evidence was sufficient to support the trial court's finding

that Eichblatt knowingly violated the terms of his restricted

license, we affirm.

     On May 9, 1995, at 1:40 a.m., Officer Cromer of the Roanoke

County Police stopped a vehicle for having no license tag light.

 Eichblatt was driving the vehicle, accompanied by his wife and a

third passenger.  Cromer noted an odor of alcohol about

Eichblatt's person.  Eichblatt explained to Cromer that he had

been at "Schooch's," a local bar, doing computer work for the

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

owner, and that after working from 6:00 p.m. to approximately 12:00 a.m., the owner had paid him and bought him dinner and an alcoholic drink. Eichblatt also stated that he had taken his usual route home, although Cromer testified Eichblatt could have taken a more direct route by taking the local expressway. Eichblatt also stated to Cromer that his wife worked at Schooch's.

Cromer checked Eichblatt's license and determined that his operator's license had been suspended for a prior conviction of driving while intoxicated. Eichblatt had been issued a restricted license permitting him to drive "to or from his . . . place of employment by the most direct route . . . ." The order granting Eichblatt the restricted license noted that, in addition to his weekday employment, he also engaged in "consultant work" and that his hours of work varied accordingly.

At trial, Randy Skaggs, the owner of Schooch's, testified that Eichblatt had worked on his computer system from approximately 6:00 p.m. to 12:00 a.m. Skaggs also stated that he had paid Eichblatt with a check after he finished his work and that he had purchased Eichblatt dinner and an alcoholic drink. Eichblatt stated that he was aware of the terms of his restricted license but testified that he did not believe he was violating those conditions when he was stopped.

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). When stopped by Cromer, Eichblatt was not travelling home from employment by the most direct route, as his restricted license permitted. Eichblatt had concluded his work more than an hour before he was stopped. The terms of Eichblatt's restricted license, which permitted him to drive home from work only by the most direct route, did not allow him to drive home after stopping for a meal and an alcoholic drink. Accepting a meal and alcoholic beverage as remuneration for his services did not change the fact that his work had ended prior to eating the meal. Had Eichblatt's remuneration included entertainment, his work would not have included attending a performance. Eichblatt admitted that he was familiar with the terms of his restricted license. The evidence was sufficient to prove beyond a reasonable doubt that when Cromer stopped him, Eichblatt was in knowing violation of the order granting him a restricted privilege to drive.

Eichblatt's statement that he did not believe that he was in violation of his restricted order, need not be accepted or given any weight by the trial court. It is for the trier of fact to ascertain a witness' credibility and it is within the fact finder's discretion to accept or reject any of the testimony offered. Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The trial judge specifically found

Eichblatt to be not credible.  That finding was not plainly

wrong.  Because the evidence was sufficient to support Eichblatt's conviction, we affirm.

Affirmed.